WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America ex rel. Saleem Hadi,<br><br>Plaintiff,<br><br>v.<br><br>Pinal County Community College District Governing Board, et al.,<br><br>Defendants. | No. CV-13-00007-PHX-JAT<br><br>**ORDER** |

Pending before the Court are: (1) Relator's Motion to Allow Electronic Filing by a Party Appearing without an Attorney (Doc. 9); (2) Relator's Motion to Appoint Counsel (Doc. 11); (3) Relator's Motion to Permanently Seal Relator's IFP Application (Doc. 12); (4) Relator's Motion to Stay Dismissal, Motion to Compel, and Motion to Interpret (Doc. 18); (5) Relator's Motion to Extend (Doc. 19); and (5) the Government's Motion to Dismiss (Doc. 21). The Court now rules on the Motions.

**I.     Background**

On January 1, 2013, Relator Saleem Hadi filed a qui tam Complaint against Defendants (Doc. 1) alleging claims under the False Claims Act. On May 21, 2013, the Court ordered Relator to obtain an attorney if he wanted to pursue his claims under the False Claims Act. (Doc. 16). On May 22, 2013, the Government filed a notice stating that it would not intervene in this action. (Doc. 17). The Court gave Plaintiff no more than 45 days to obtain counsel. (Doc. 16). The Court's Order was filed more than 100

1 days ago and Relator has still not obtained counsel in this case.

## II.     Relator's Sealed Motion to Appoint Counsel (Doc. 11)

On April 3, 2013, Relator filed a Motion to Appoint Counsel. There is no constitutional right to appointment of counsel in a civil case. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to allow litigants to proceed *in forma pauperis* and to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). In order to determine whether exceptional circumstances exist, the Court evaluates the petitioner's "'likelihood of success on the merits [and] the ability of the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Richard v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Wilborn*, 789 F.2d at 1331. Neither factor is determinative, and the Court must consider both factors before reaching a decision on a request for appointment of counsel. *See Wilborn*, 789 F.2d at 1331.

Having considered both factors, the Court finds that Relator is unlikely to succeed on the merits of this case. Due to the nature of the action, Relator cannot proceed without counsel. However, Relator's inability to bring this action pro se does not by itself justify appointment of counsel in this case. This case does not present "exceptional circumstances" requiring the appointment of counsel. Accordingly, Relator's Motion to Appoint Counsel is denied.

## III.    Relator's Motion to Permanently Seal IFP Application (Doc. 12)

Relator moves to "permanently seal" his IFP application. It is not clear to the Court what Relator means when he requests that the Court "permanently seal" his application. However, Relator's IFP application is currently under seal. As a result, Relator's Motion to Permanently Seal his IFP Application is denied as moot.

## IV.     Relator's Motion to Stay Dismissal, Motion to Compel, and Motion to Interpret (Doc. 18)

On May 31, 2013, Relator requested that the Court stay dismissal until the

Government "files a notice of declination of intervention." (Doc. 18 at 8). In that same motion, Relator requests that the Court compel the Government to openly file its intervention decision or openly petition for dismissal. On May 22, 2013, the Government publicly filed a notice stating that it would not intervene in this action and, on July 24, 2013, the Government filed a Motion to Dismiss this case. Accordingly, Relator's Motion to Stay and Motion to Compel are denied as moot. Relator alternatively requests that "the Government be ordered to make an intervention decision or motion for dismissal." (Doc. 18). For the reasons stated above, Relator's alternative request is denied as moot.

### V. Relator's Motion to Extend (Doc. 19)

On June 13, 2013, Relator requested that the Court give the maximum extension it is willing to permit to allow Relator to obtain counsel. Relator has had over 100 days to obtain counsel and has not done so. Accordingly, to the extent Relator requests an additional extension, such request is denied.

### VI. The Government's Motion to Dismiss (Doc. 21)

The Government moves to dismiss the complaint because pro se relators cannot represent the United States in qui tam actions after the United States has declined to take over the action. (Doc. 21). Indeed, "a *pro se* relator cannot prosecute a *qui tam* action on behalf of the United States." *Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116, 1127 (9th Cir. 2007). In Response to the Government's Motion to Dismiss, Relator moves to quash the Government's Motion to Dismiss because Plaintiff is attempting to obtain counsel. Relator's request that the Court quash the Government's Motion to Dismiss is denied.

As discussed above, Relator has been given more than 100 days to obtain counsel and has failed to do so. Relator has been given a reasonable time and has been unable to obtain counsel. Accordingly, the Government's Motion to Dismiss is granted.

Based on the foregoing,

**IT IS ORDERED** that Relator's Sealed Motion to Appoint Counsel (Doc. 11) is

1 denied.

2 **IT IS FURTHER ORDERED** that Relator's Sealed Motion to Allow Electronic
3 Filing by a Party Appearing without an Attorney (Doc. 9) is denied as moot.

4 **IT IS FURTHER ORDERED** that Relator's Motion to Permanently Seal
5 Relator's IFP Application (Doc. 12) is denied as moot.

6 **IT IS FURTHER ORDERED** that Relator's Motion to Stay Dismissal (Doc. 18)
7 is denied as moot.

8 **IT IS FURTHER ORDERED** that Relator's Motion to Compel (Doc. 18) is
9 denied as moot.

10 **IT IS FURTHER ORDERED** that Relator's Motion to Interpret (Doc. 18) is
11 denied as moot.

12 **IT IS FURTHER ORDERED** that Relator's Motion to Extend (Doc. 19) is
13 denied.

14 **IT IS FURTHER ORDERED** that the Clerk of the Court shall unseal the
15 following docket entries: Doc. 1, Doc. 3, Doc. 4, Doc. 5, Doc. 6, Doc. 7, Doc. 8, Doc. 9,
16 Doc. 10, Doc. 11, Doc. 12, Doc. 16, Doc. 18, and Doc. 19. **IT IS FURTHER**
17 **ORDERED** that, within 15 days of the date of this Order, the Government shall file a
18 motion to unseal Docs. 13 and 14 or shall file a motion seeking to allow Docs. 13 and 14
19 to remain under seal. If the Government files the latter motion, the Government shall
20 detail the reasons why those docket entries should remain under seal. *See Kamakana v.*
21 *City of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). If the Government does not a file
22 either motion within 15 days of the date of this Order, the Clerk of the Court shall unseal
23 Docs. 13 and 14 without further notice.

24 **IT IS FINALLY ORDERED** that the Government's Motion to Dismiss (Doc. 21)
25 is granted.

26 ///
27 //
28 /

- 4 -

1       This case is dismissed without prejudice. The Clerk of the Court shall enter judgment accordingly.

      Dated this 9th day of September, 2013.

                                      James A. Teilborg
                              Senior United States District Judge